

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. **19 3133** |
| WILLIAM REDDINGTON, JR.<br>408 Aqueduct Drive<br>North Wales, Pennsylvania 19454; and | ) |
| BANK UNITED TEXAS FSB<br>3200 Southwest Freeway<br>Houston, Texas 77027, | ) |
| Defendants. | ) |

FILED
JUL 18 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## COMPLAINT FOR FEDERAL TAXES

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to collect the assessments made against William Reddington, Jr. for unpaid trust fund recovery penalties, and to enforce the corresponding federal tax liens against the real property located at 408 Aqueduct Drive, North Wales, Pennsylvania.

### JURISDICTION AND VENUE

1. Jurisdiction over this action is conferred upon this Court pursuant to 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1396 because Defendant William Reddington, Jr. resides in the district, and the federal tax liabilities at issue in this action accrued in this district.

1



## PARTIES

3. Plaintiff is the United States of America.

4. Defendant William Reddington, Jr. is a resident of Montgomery County, which is located within the jurisdiction over this Court.

5. Defendant Bank United Texas FSB is named as a party under 26 U.S.C. § 7403(b) because it may claim an interest in the real property that is the subject of this action.

6. The real property that is the subject of this dispute is located at 408 Aqueduct Drive, North Wales, Pennsylvania, which is located within the jurisdiction of this Court.

## COUNT I: REDUCE TRUST FUND RECOVERY PENALTY ASSESSMENTS TO JUDGMENT

7. The United States incorporates by reference the allegations set forth in paragraphs 1 through 6 above.

8. Reddington owned and operated Mercury Transport Inc. ("Mercury Transport") during the last quarter of 2005 and all quarters of 2007.

9. As president of Mercury Transport, Reddington was responsible for determining the financial policy of Mercury Transport, and was responsible for directing or authorizing payments to creditors.

10. During the last quarter of 2005 and all quarters of 2007, Reddington was responsible for signing checks, authorizing payroll, authorizing Federal Tax Deposits, and preparing and signing payroll tax returns.

11. Reddington was responsible for collecting, truthfully accounting for, and paying over to the United States the federal employment taxes withheld from wages of employees of Mercury Transport (the "Trust Fund Taxes") during the taxable periods at issue.

12. During the last quarter of 2005 and all quarters of 2007, the federal withholding taxes were not collected, truthfully accounted for, and paid over to the United States.

13. Reddington willfully failed to collect, truthfully account for, or pay over to the United States the federal employment tax withholdings of Mercury Transport for the last quarter of 2005 and all quarters of 2007.

14. Reddington's willful failure to collect, truthfully account for, and pay over the Trust Fund Taxes rendered him liable for a penalty under 26 U.S.C. § 6672 equal to the total amount of the federal employment taxes not collected, accounted for, and paid over to the United States.

15. Pursuant to 26 U.S.C. § 6672, a delegate of the Secretary of the Treasury assessed the following trust fund recovery penalties ("TFRPs") against Reddington on the dates and in the amounts set forth below:

| Tax Period Ending | Date of Assessment | Amount of Assessment | Outstanding Balance as of July 22, 2019 |
|---|---|---|---|
| 12/31/2005 | 12/29/2008 | $158,232.85 | $180,725.90 |
| 3/31/2007 | 12/29/2008 | $43,942.53 | $64,340.63 |
| 6/30/2007 | 12/29/2008 | $44,627.24 | $31,493.17 |
| 9/30/2007 | 12/29/2008 | $41,513.05 | $60,736.81 |
| 12/31/2007 | 12/29/2008 | $40,230.32 | $58,829.27 |
| | | TOTAL: | $396,125.78 |

16. Notice and demand for payment of the assessments described in paragraph 15 were given to Reddington.

17. Interest has accrued according to law on the unpaid balance of the assessments set forth in paragraph 15 above, and will continue to accrue until paid in full.

3

18. Despite notice and demand of payment, Reddington has failed to fully pay the amounts due and owing.

19. By reason of the foregoing, Reddington is indebted to the United States in the amount of $396,125.78 as of July 22, 2019, for his unpaid assessed TFRPs set forth in paragraph 15 above, together with all interest that has accrued and will continue to accrue by law.

## COUNT II: ENFORCE THE FEDERAL TAX LIENS

20. The United States incorporates by reference the allegations set forth in paragraphs 1 through 19 above.

21. Reddington acquired title to the real property located at 408 Aqueduct Drive, North Wales, Pennsylvania ("Aqueduct Drive Property") on or about May 23, 1993. The Aqueduct Drive Property is more particularly described in the Deed attached hereto as Exhibit A.

22. By reason of the assessments made against Reddington described in paragraph 15 above, federal tax liens arose by operation of law under 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments, and attached to all property and rights to property owned or thereafter acquired by Reddington, including, but not limited to, his interest in the Aqueduct Drive Property.

23. Notices of federal tax liens for the assessments described in paragraph 15 were filed on or about April 16, 2009 (and refiled on March 27, 2018), with the Montgomery County Prothonotary in Norristown, Pennsylvania.

24. The United States is the holder of valid and subsisting tax liens that encumber Reddington's interest in the Aqueduct Drive Property.

25. Under 26 U.S.C. § 7403, the United States is entitled to enforce its liens against the Aqueduct Drive Property; to have the entire property sold at a judicial sale free and clear of

4

all rights, titles, claims, and interests of the parties; and to have the proceeds distributed, after the payment of the cost of sale and any real estate taxes due and owing, among the parties in accordance with their lawful priorities.

WHEREFORE, the United States respectfully requests that this Court:

A.  Render judgment in favor of the United States and against Reddington in the amount of $396,125.78 as of July 22, 2019, for unpaid TFRPs as set forth in paragraph 15, together with all interest that has accrued and will continue to accrue by law;

B.  Order, adjudge, and decree that the United States has valid and subsisting liens against all property and rights to property of Reddington, including, but not limited to, his interest in the Aqueduct Drive Property;

C.  Adjudge and decree that the federal tax liens attaching to the Aqueduct Drive Property be foreclosed and the property be sold at a judicial sale according to law, free and clear of any right, title, lien, claim, or interest of any of the defendant herein;

D.  Order that the net proceeds from the sale be distributed to pay the sale expenses, any local property taxes, satisfy all liens (including tax liens) according to their priority, and that any remaining proceeds go to those having valid claims; and

//
//
//
//
//
//
//

E. Grant the United States such other relief as it deems just and proper under the circumstances.

Date: July 17, 2019

                                            RICHARD E. ZUCKERMAN
                                            Principal Deputy Assistant Attorney General

                                            */s/ Catriona Coppler (CMC 9098)*
                                            CATRIONA M. COPPLER
                                            D.C. Bar No. 241446
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Washington, D.C. 20044
                                            202-514-5153 (v)
                                            202-514-6866 (f)
                                            Catriona.M.Coppler@usdoj.gov

Exhibit A

Patriot Abstract Company
PAT 0061

# This Indenture Made this 27th day of May 1993

### Between

K. HOVNANIAN AT MONTGOMERY I, INC., A PA CORPORATION

(hereinafter called the Grantor),

WILLIAM P. REDDINGTON, JR

(hereinafter called the Grantee),

008506

**Witnesseth** That the said Grantor for and in consideration of the sum of One Hundred Twenty-Nine Thousand Two Hundred Seventy-Six and 25/100 ($129,276.25) Dollars lawful money of the United States of America, unto it well and truly paid by the said Grantee, at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, hath granted, bargained and sold, released and confirmed, and by these presents doth grant, bargain and sell, release and confirm unto the said Grantee his heirs and assigns,

13.00
50
5.00

PAT 0061

ALL THAT CERTAIN lot or piece of ground, with the building and improvements thereon erected, Situate in Montgomery Township, Montgomery County, Pennsylvania, and described according to a Subdivision Plan Phase I "Winners Circle" dated October 14, 1991 and last revised August 20, 1992 and recorded in Montgomery County in Plan Book A-53 page 460, as follows, to wit:

BEGINNING at a point on the Northeasterly side of Aqueduct Drive (24 feet wide) which point of beginning is common to this Lot and Lot No. 88 as shown on said Plan; thence extending from said point of beginning, along Lot No. 86, North 30 degrees 57 minutes 22 seconds East crossing the bed of a certain existing 20 feet wide sanitary sewer easement, 134.16 feet to a point; thence extending South 59 degrees 31 minutes 24 seconds East 24.00 feet to a point, a corner of Lot No. 85 as shown on said Plan; thence extending along the same, South 30 degrees 57 minutes 22 seconds West, recrossing said sewer easement, 134.36 feet to a point on the said Northeasterly side of Aqueduct Drive; thence extending along the same North 59 degrees 02 minutes 38 seconds West 24.00 feet to the first mentioned point and place of beginning.

BEING Lot No. 87 as shown on said Plan.

BEING COUNTY PARCEL NO. 46-00-00003-65-4

BEING the same premises which RI Waterman Properties, Inc. by Deed dated September 8, 1992 and recorded in Montgomery County in Deed Book 5018 page 1255 conveyed unto K. Hovnanian at Montgomery I., Inc., in fee.

UNDER AND SUBJECT TO certain restrictions as of record.

93 JUN -2 PM 2:34

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
46-00-00003-65-4 MONTGOMERY
AQUEDUCT DR
HOVNANIAN K AT MONTGOMERY I INC
B 0158 U 061 L 87 2101 DATE: 06/02/93

REALTY TRANS. TAX PAID
STATE 1,292.77
LOCAL 292.77
PER [signature]

BK5043PG0126

**Together** with all and singular the building improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in any wise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of the said Grantor, as well at law as in equity, of, in, and to the same.

**To have and to hold** the said lot or piece of ground above described with the improvements and building thereon erected and the hereditaments and premises hereby granted, or mentioned, and intended so to be, with the appurtenances, unto the said Grantee, his heirs and assigns, to and for the only proper use and behoof of the said Grantee, his heirs and assigns forever.

UNDER AND SUBJECT as aforesaid.

```
#8500                    1292.77
MONTGOMERY TWP.          1292.77
STATE STAMP              2585.54
TOTAL                    1292.77
CHECK                    1292.77
CHECK
ITEM    2
06-02-93 WED M1          CASH-01 3915 15:12TM
```

**And** the said Grantor, for itself, its successors do by these presents, covenant, grant and agree, to and with the said Grantee, his heirs and Assigns, that it the said Grantor, its successors all and singular the Hereditaments and premises herein above described and granted, or mentioned and intended so to be with the Appurtenances unto the said Grantee, his heirs successors against all and every Person or Persons and Assigns, against it the said Grantor, its/ successors it, them or any of them, whomsoever lawfully claiming or to claim the same or any part thereof, by from, or under shall and will subject as aforesaid WARRANT and forever DEFEND.

OR

the said do covenant, promise and agree, to and with the said and assigns, by these presents, that has not done, committed the said or knowingly or willingly suffered to be done or committed, any act, matter or thing whatsoever whereby the premises hereby granted, or any part thereof, is, are, shall or may be impeached, charged or incumbered, in title, charge, estate, or otherwise howsoever.

**In Witness Whereof**, the said Grantor has/have caused these presents to be duly executed dated the day and year first above written.

Sealed and Delivered
IN THE PRESENCE OF US:

K. HOVNANIAN AT MONTGOMERY I, INC. A PA CORP

BY: *[signature] Barry McCann*
Barry McCann    VICE

ATTEST: *[signature] Jeffrey A. Weinflash*
Jeffrey A. Weinflash,    Secretary

BK5043PG0127

## SPECIFIC POWER OF ATTORNEY

I, the above named GRANTEE, do hereby irrevocably name, make, appoint, constitute and confirm K. Hovnanian at Montgomery I, Inc., a corporation of the Commonwealth of Pennsylvania whose main office is 1210 Northbrook Drive, Suite 120, Trevose, PA 19053, and its assigns and successors, my true and lawful Attorney-in-Fact for me for those specific and limited purposes as set forth in Paragraph 7.00 of the Declaration of Covenants and Restrictions of Winners Circle and for me and in my name, place and stead, execute any such amendment(s) to the Declaration and other instrument(s) necessary to effect the purposes set forth in Paragraph 7.00 of the Declaration of Covenants and Restrictions with the same force and effect as though I were present and acting for myself and I hereby ratify and confirm all that my said Attorney-in-Fact shall do by virtue hereof. This Power of Attorney shall not be affected by the fact that I might become incompetent hereafter, but shall remain in full force and effect. In the event there is more than one Grantee, all references to the singular shall be deemed to be plural.

In witness whereof, I hereunto set my hand this 27th day of May 19 93.

GRANTEE William P. Reddington, Jr.         GRANTEE

Commonwealth of Pennsylvania) ss:
County of Montgomery

Be it remembered, that on this 27 day of May, 19 93, before me, the subscriber Linda C. Smith, personally appeared William P. Reddington, Jr., who, I am satisfied (is) (are) the person(s) named in and who executed the within Instrument, and thereupon acknowledged that the Instrument was signed, sealed and delivered as a voluntary act and deed for the uses and purposes therein expressed.

SUBSCRIBER

NOTARIAL SEAL
LINDA C. SMITH, Notary Public
Whitemarsh Twp., Montgomery County
My Commission Expires December 7, 1995

BK5043PG0128



GEKP

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

19-CV-3133

19  3133

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **P.O. Box 227, Washington, D.C. 20044**

Address of Defendant: **408 Aqueduct Drive, North Wales, Pennsylvania**

Place of Accident, Incident or Transaction: **Montgomery County**

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **7/17/2019**    _____    **DC 241446**
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney ID # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify)* **Collection of Taxes**

**B.  Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
    *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Catriona M. Coppler**, counsel of record or pro se plaintiff, do hereby certify

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

[ ] Relief other than monetary damages is sought.

**JUL 18 2019**

DATE: **7/17/2019**    _____    **DC 241446**
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| United States of America | : | CIVIL ACTION |
| v. | : | 19  3133 |
| William Reddington, Jr., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                             ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| July 17, 2019 | _[signature]_ | United States of America |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (202) 514-5153 | (202) 514-6866 | Catriona.M.Coppler@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 18 2019

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72 1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors. (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence, (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition  It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters, actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0 22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44 (Rev 02/19)

# CIVIL COVER SHEET

19 3133

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
William Reddington, Jr

**(b)** County of Residence of First Listed Plaintiff ___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Catriona M Coppler, U S Department of Justice, Tax Division, P O. Box 227, Ben Franklin Station, Washington, DC 20044, (202) 514-5153

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U S Government Defendant
☐ 3 Federal Question *(U S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☒ 870 Taxes (U S Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
26 U S C. Section 7402 and 7403
Brief description of cause
Reduce federal tax assessments to judgment and foreclose federal tax liens

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P
**DEMAND $** 396,125 78
CHECK YES only if demanded in complaint
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE ___
DOCKET NUMBER ___

DATE 07/17/2019
SIGNATURE OF ATTORNEY OF RECORD
Catriona Coppler

JUL 18 2019

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG JUDGE ___